HALL, Judge.
Reuben D. Anderson purchased eleven vacant and unimproved lots situated in the City of Kenner, Louisiana on January 10, 1957. Thereafter the taxes due on the lots to the City of Kenner for the year 1958 became delinquent and the property was sold at City Tax Sale on December 30, 1959 to Lake, Inc. The tax deed to Lake, Inc. was recorded on February 11, 1960.
On June 2, 1966 Reuben D. Anderson filed suit against Lake, Inc. seeking to annul the tax sale for certain alleged irregularities in the conduct thereof. This suit bears the No. 97-801 of the Docket of the Trial Court. In its defense thereto Lake, Inc. plead the five year peremption provided by Article 10, Section 11 of the Constitution, LSA.
On June 6, 1966 Lake, Inc., prior to being served with process in suit No. 97-801, filed suit against Reuben D. Anderson and his wife under the provisions of LSA-R.S. 47:2228 seeking to confirm and quiet its tax title to the eleven lots. The suit bears the No. 97-862 of the Docket of the Trial Court.
The two suits were consolidated for trial and following trial the District Judge on January 3, 1968 rendered two separate judgments — one in each suit, both judgments being in favor of the tax purchaser, Lake, Inc.
One of the judgments dismissed Anderson’s suit No. 97-801 to annul the tax sale on the ground that it was perempted. The other judgment (in No. 97-862)confirmed and quieted the title of Lake, Inc. to the property.
The only matter before us is an appeal by Anderson from the judgment in No. 97-862 confirming and quieting the title of Lake, Inc. Anderson took no appeal from the judgment in No. 97-801 dismissing his suit to annul the tax sale, and that judgment is now final.
Although counsel for both parties briefed and argued this matter as if Anderson had appealed from both judgments we are bound to notice our lack of jurisdiction to review the judgment dismissing Anderson’s suit.
*679 In his answer to Lake, Inc.’s petition to quiet title, Anderson sets up four separate defenses viz:
1) That Lake, Inc. is estopped, from asserting any claim to the property since Lake, Inc. failed to comply with the provisions of LSA-R.S. 47:1956 (requiring the tax payer to file a sworn list of his property with the assessor) a compliance with which would have given notice to Anderson of the tax sale.
2) That Anderson maintained the subject property by such possession as was capable of being exercised and therefore no preemptive period could run against the defects in the tax sale.
3) That the tax sale was so deficient in the ordinary safeguards to which a property owner may look for protection that the tax sale, if upheld, would constitute a deprivation of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States.
4) That Article 10, Section 11 of the Constitution was violated in that the tax collector through error did not offer for sale the least quantity of property which a bidder would buy for the amount of taxes, interests and costs due and that having received by error more property than it was entitled to, Lake, Inc. is obliged under LSA-C.C. Art. 2301 to return to Anderson all lots conveyed except one, or their value, which one lot would represent the “least amount” to which Lake, Inc. is constitutionally entitled.
It will be noted that each of these four defenses constitutes an attack on the validity of the tax sale, and since all attacks on its validity are precluded by the unappealed and final judgment dismissing Anderson’s suit to annul on the ground of peremption, we are without jurisdiction to consider them.
Lake, Inc. adduced proper proof of its right to a judgment confirming and quieting its tax title.
For the foregoing reasons the judgment appealed from, being No. 97-862 of the Docket of the Trial Court, is affirmed; costs of this appeal to be borne by defendant-appellant.
Affirmed.